UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRIS SCENTERS, | : | Case No. 1:17-cv-119 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| RICHARD HILTON, D/B/A RICHARD'S ROOFING REPAIR, | : | |
| Defendant. | : | |

**ORDER SETTING ASIDE ENTRY OF DEFAULT (Doc. 12) and DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 11)**

## I. INTRODUCTION

This case is before the Court on the Clerk's entry of default against Defendant (Doc. 12), Plaintiff's motion for default judgment (Doc. 11), and Defendant's request to set aside the default.[1]

On February 21, 2017, Plaintiff filed the Complaint. (Doc. 3). The Complaint asserts that Plaintiff worked for Defendant as a roofer in the fall of 2016. (*Id.* at ¶ 4). The Complaint claims that Defendant did not pay Plaintiff for approximately 53.5 hours of work he performed for Defendant during October and November, 2016. (*Id.* at ¶ 11).

---

[1] In response to the default, Defendant, who is proceeding *pro se*, filed an Answer (Doc. 16) and a document titled "Response to Default" (Doc. 13). The Court construes these *pro se* filings as a request to set aside the Clerk's entry of default. *See Union Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) ("[a]n answer or other opposition to a motion for default may be treated as a motion to set aside entry of default.") (citations omitted).

The Complaint asserts claims for violation of federal and state minimum-wage laws and violation of Ohio Rev. Code § 4113.15.

Defendant was served with the Complaint on February 24, 2017. (Doc. 8). On May 31, 2017, the Court put on an Order requiring Plaintiff to seek entry of default or show cause why the Complaint should not be dismissed for lack of prosecution. (Doc. 9). On May 31, 2017, Plaintiff filed an application for entry of default and a motion for default judgment. (Docs. 10, 11). On June 1, 2017, the Clerk issued an entry of default. (Doc. 12).

On June 5, 2017, Defendant filed a Response to Default. (Doc. 13). The Response asserts that Defendant received some papers regarding this litigation and, acting *pro se*, "immediately" contacted Plaintiff's attorney. (Doc. 13 at 1). Defendant understood from that conversation that he would be receiving additional documents with a "court date" before he was required to act. (*Id.*) Instead, Defendant received a letter stating that Plaintiff had moved for default judgment. (*Id.* at 2). Defendant "immediately" called the Court and was informed he "had to come in and give an answer." (*Id.*)

On June 5, 2017, Defendant filed an Answer. (Doc. 16). The Answer states that Plaintiff worked for Defendant as an independent contractor for about three weeks, during which time Plaintiff used drugs and left the job site for hours at a time. (*Id.*) Defendant dismissed Plaintiff from his duties after Plaintiff showed up "higher than a kite" to the job site. (*Id.*). At that time, Defendant owed Plaintiff less than $100. (*Id.*) Later, one of the roofs Plaintiff installed began to leak because of deficient workmanship;

2

the roof cost Defendant $2,500 to replace. (*Id.*) The Answer argues Defendant does not owe Plaintiff any money for the work he did perform. (*Id.*)

## II. STANDARD

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To determine whether good cause exists, courts weigh three equitable factors: (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defendant has a meritorious claim or defense; and (3) whether the plaintiff would be prejudiced if default was set aside. *See Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006).

"Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986); *See also Union Coin*, 705 F.2d at 846 ("Trials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.").

## III. ANALYSIS

The balance of the relevant factors clearly weighs in favor of setting aside the default. First, nothing before the Court suggests Defendant's culpable conduct lead to the entry of default. "Culpable conduct" includes an intent to "thwart judicial proceedings or a reckless disregard for the effect of [a defendant's] conduct on those proceedings." *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 844 (6th Cir. 2011).

3

Here, Defendant (who is proceeding *pro se*) claims that he received some papers regarding this litigation, immediately contacted Plaintiff's attorney, and understood from that conversation that he would be receiving additional information, including a court date, before he was required to act. (Doc. 13 at 1-2). Upon learning Plaintiff filed a motion for default judgment, Defendant promptly filed an Answer and Response. (Docs. 13, 16). The Court cannot conclude from these facts that Defendant intended to thwart, or recklessly disregard, these proceedings.

Second, Defendant has raised a meritorious defense. To establish a meritorious defense for purposes of setting aside a default, a defendant must simply advance a defense that is "good at law," not necessarily one that is likely to succeed. *See United Coin Meter Co. Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989). The key to the meritorious defense inquiry is the determination of "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST Fin. Group., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987).

Here, Defendant argues Plaintiff is not entitled to the monies he seeks in this litigation because (1) Plaintiff did not actually work the hours he claims and (2) Plaintiff's work was deficient and caused damage to Defendant. (Doc. 16 at 1-2). These asserted facts raise the possibility that the outcome of this litigation after a trial would be contrary to the result achieved by the default. Accordingly, Defendant has raised a meritorious defense for purposes of the Rule 55(c) analysis. *INVST Fin. Group.*, 815 F.2d at 399.

Third, Plaintiff has not demonstrated any prejudice that would result from setting aside the default. In order to show prejudice, Plaintiff must show Defendant's delay has resulted in loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *INVST Fin. Grp.*, 815 F.2d at 398. Standing alone, increased costs of litigation do not demonstrate prejudice. *Childress*, 663 F.3d at 842.

Plaintiff asserts he will be prejudiced if the Court sets aside the default because Defendant's alleged statutory violations will "go unpunished." (Doc. 14 at 4). This argument fails as a matter of law. Setting aside the default will only result in the case being tried on the merits, not judgment for the Defendant. Plaintiff has not demonstrated any prejudice that would result from requiring his claims to be tried on the merits.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's request to set aside the default is **GRANTED**, the Clerk's entry of default (Doc. 12) is **VACATED**, and Plaintiff's motion for default judgment (Doc. 11) is **DENIED**.

**IT IS SO ORDERED**.

Date: 10/31/17

Timothy S. Black
United States District Judge